(53 Misc. Rep. 7)

### DOEPFNER v. BOWERS.

(Supreme Court, Special Term, New York County. February 26, 1907.)

LANDLORD AND TENANT—TERMINATION OF TERM—FORFEITURE OF OPTION—RELIEF IN EQUITY.

    A lessee, in a lease for a 10-year term with the option of an additional term on his giving notice, on or before 6 months before the expiration of the 10-year term of his intention to take advantage thereof, who had fitted up the premises for a drug store at a cost of $5,000, and who had built up a good will worth $10,000, will be relieved in equity from a forfeiture of his option for failure to give notice of his intention to take advantage of it until 19 days after the same should have been given, because of his being delayed in a foreign country owing to difficulty in securing return passage; the lessor not having been injured by the delay.

Action by Otto Doepfner against Lamont M. Bowers. Heard on motion for temporary injunction. Granted.

Arthur F. Cosby, for the motion.

Howland, Murray & Prentice (George Welwood Murray, of counsel), opposed.

GIEGERICH, J. The plaintiff, a tenant, moves for an injunction pendente lite restraining the defendant, his landlord, from interfering with his possession of the premises in suit. The facts necessary to be stated are as follows: The plaintiff is a druggist conducting business at the northwest corner of Thirty-Fourth street and Lexington avenue, in the borough of Manhattan, which premises he occupies under a lease having a term of ten years from 1st day of May, 1897, at a yearly rental

of $2,000, which lease contains a covenant that the lessor will extend the same for a further period of five years from the date of its expiration, at a yearly rental of $2,200, provided that the lessees have fully complied with all the covenants of the lease and give notice in writing on or before six months prior to the date of the expiration of the lease of their intention to take advantage of such option. The plaintiff shows in his moving papers that he expended the sum of $5,000 in fitting up the premises with shelving, counters, a showcase, soda fountain, and other necessary drug store equipment, and has built up a good will which he estimates at the value of at least $10,000, all in the belief and expectation that he would be able to carry on the business for the renewal period of five years. By the terms of the lease possession was to begin on May 1, 1897, but the premises were not ready for occupancy and the plaintiff did not take possession or pay rent until June 1st. On November 1, 1906, the date on or before which written notice of election to renew should have been given, the plaintiff was in Germany, whither he had gone in July, expecting to return on October 1st, but owing to difficulty in securing return passage and for other reasons he did not return until November 18th, and on the following day, November 19th, he served notice in writing of his option to renew. The defendant refused to grant the renewal at a rental of $2,200 as specified in the lease, but demanded instead $3,400 for the first three years, $3,800 for the next three, and $4,000 for the third three years, or an annual rental of $3,600, which rates the defendant and his agents state are the same or lower than offers made for the premises by others than the plaintiff.

The plaintiff rests his case upon the special facts and circumtances and the equitable power of the court to relieve against forfeiture and the consequences of mistake and inadvertence. I am of the opinion, upon the facts shown in this case, that the plaintiff is entitled to relief. There is some excuse for his failure to give the written notice required by the lease, and it does not appear that the defendant has in any wise been injured by the short delay in giving such notice. In N. Y. Life Ins. & Trust Co. v. Rector, etc., of St. George's Church, 12 Abb. N. C. 50, which was a case quite similar to this, the court said (page 52):

"The plaintiff was evidently misled by the recital in the assignment into the belief that the lease did not expire until December 30, 1881. In the absence of any express intention on its part, it cannot be reasonably presumed that the plaintiff would knowingly surrender so valuable an interest as it had in this lease without adequate compensation. Neither should its honest mistake of a fact, under all the circumstances, be regarded as laches."

In McAdam on Landlord and Tenant (3d Ed.) p. 542, § 155, the following rule is stated:

"Equity will relieve a lessee who fails to comply with a condition respecting notice in a covenant for the renewal of his lease, and compel specific performance thereof where it appears that he has given a fair intimation of his intention to renew, and no injury has been done to the other party, but not where there has been gross laches, or where the neglect was willful, and a condition requiring written notice may be dispensed with on like grounds."

As before stated, I do not think it could fairly be said that the plaintiff was guilty of gross laches or of willful neglect. I am of the opinion. consequently, that the injunction pendente lite should be issued, but only

on terms that will protect the defendant in the event of his success upon the trial. It is evident that the amount of security should be large, because of the great difference in the amount of the rental provided in the lease and the amount which it is undisputed the defendant could receive, if free to rent the premises to a new tenant or to make an entirely new agreement with the plaintiff. The amount and terms of such security will be determined upon the settlement of the order.